UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------------------ X
LUIS FERNANDO ALBARRACIN,         :   CIVIL ACTION NO.
                                  :
         **Plaintiff,**           :
                                  :
    -against-                     :
                                  :
DELI UNLIMITED, INC., MARJORIE ORANZO,  :
and ALEX ORANZO                   :
                                  :   April 12, 2019
         **Defendants.**          :
------------------------------------------------------------------------ X

## **COMPLAINT**

**I.    NATURE OF THE ACTION**

1. This action is brought to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq.* ("CMWA").

**II.   THE PARTIES**

2. Plaintiff is an individual residing at all relevant times in Branford, Connecticut.

3. Defendant Deli Unlimited, Inc. ("Deli Unlimited") is a Connecticut corporation with its principal place of business located at 12 Tuxis Road, in Madison CT.

4. Defendant Deli Unlimited operates a store located at 1099 Boston Post Road, Guilford, CT 06437.

5. Defendant Marjorie Oranzo ("Mrs. Oranzo") co-owns Deli Unlimited, Inc. and serves as its President and Manager.

6. Defendant Alex Oranzo ("Mr. Oranzo") co-owns Deli Unlimited, Inc. and serves as its Vice President and Co-Manager. Alex Oranzo is Defendant Marjorie Oranzo's son.

7. Defendant Deli Unlimited is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

8. Defendant Deli Unlimited has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Defendant Deli Unlimited has an annual gross volume of sales projected to be in excess of $500,000.

10. At all relevant times, Defendants Oranzo have had power over personnel decisions at Deli Unlimited, Inc., including the power to discipline employees, hire and fire employees, set employee wages, set employee schedules, and otherwise control the terms and conditions of employment at Defendant Deli Unlimited. For example, Defendants Oranzo set Plaintiff's rate of pay, scheduled his hours, supervised his work, restricted his lunch breaks, and terminated his employment.

### III.    JURISDICTION

11. The United States District Court for the District of Connecticut has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337 because it assert a claim under the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**IV.     VENUE**

12.     Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as Deli Unlimited, Inc., is located within the State of Connecticut, and is subject to this Court's personal jurisdiction.

**V.      PLAINTIFF'S FACTUAL ALLEGATIONS**

13.     Plaintiff was employed by Defendant from approximately October 1999 to March 2019.  At all relevant times, Plaintiff worked primarily as a deli clerk and cashier assisting customers at Deli Unlimited.

14.     During the relevant period, Plaintiff was paid $18.00 per hour.

15.     Throughout his employment, Plaintiff regularly worked approximately sixty (60) to sixty-five (65) hours per week, and frequently worked seven days per week and holidays.

16.     In January of 2019, Plaintiff was directed to continue working more than forty hours per week, but was instructed by Defendant Mr. Oranzo that his time sheet must only reflect a total of forty hours.

17.     In order to avoid "liability" for overtime compensation, Defendants directed Plaintiff to report his hours using two separate time sheets.  Specifically, Plaintiff was instructed by Defendant Mr. Orzano that his first time sheet must only report a total of forty hours of work per week, and to use a second time sheet to report hours worked over forty per week, *i.e.* overtime hours.  Defendant thereafter would pay Plaintiff for forty hours through a payroll check and the overtime hours worked in cash, at the same hourly rate as the first forty hours that he worked.

18. Defendant paid Plaintiff for his overtime hours on a "straight time" basis and not at the required overtime rate of one and one half (1½) times his regular hourly rate of pay.

19. After complaining to Defendants about his missing pay, Plaintiff was berated and bluntly told by Defendants that if he did not like it he should leave.

20. During the last three years of his employment, Defendants failed to pay Plaintiff overtime compensation, as required by the FLSA and CMWA, for all the hours he worked in excess of forty per workweek.

## FIRST CLAIM
## Fair Labor Standards Act – Unpaid Overtime

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

22. The FLSA requires Defendants to pay overtime compensation for all hours worked in excess of forty hours in a work week at the rate of one and and one half (1½) times the regular hourly rate.

23. Defendants failed to pay Plaintiff the full overtime compensation to which he was entitled, thereby violating the FLSA and its implementing regulations.

24. Defendants were aware that the practices described in this Complaint were unlawful, and knowingly and intentionally violated the FLSA.

25. As a result of Defendants' wilfull violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for the last three years of his employment, as well as reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### Connecticut Minimum Wage Act – Unpaid Overtime

26. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

27. Under the CMWA and its implementing Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. .

28. Defendants failed to pay Plaintiff the full overtime wages to which he is entitled to under the CMWA.

29. Defendants willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff overtime wages.

30. As a result of Defendants' willful violations of the CMWA, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA and the CMWA;

b. declaring that Defendants' violations of the FLSA and CMWA were willful;

c. awarding Plaintiff damages for unpaid overtime wages;

d. awarding Plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the CMWA;

  e. awarding Plaintiff pre- and post-judgment interest under the FLSA and the CMWA;

  f. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA; and

  g. awarding such other and further relief as the Court deems just and proper.

By:  /s/*William G. Madsen*
William G. Madsen (ct 09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
(860) 246-2466
wmadsen@mppjustice.com

and

By:  /s/*Catalina Cadavid*
Catalina Cadavid (ct 30698)
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
cadavid@pechmanlaw.com
*Attorneys for Plaintiff*