**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF CONNECTICUT**
-------------------------------------------------------------------- X

| | |
|---|---|
| **LUIS FERNANDO ALBARRACIN,** | : **CIVIL ACTION NO.** |
| | : **3:19-cv-00556(RMS)** |
| **Plaintiff,** | : |
| | : |
| -against- | : |
| | : |
| **DELI UNLIMITED, INC., MARJORIE ORANZO,** | : |
| **and ALEX ORANZO** | : |
| | : **January 7, 2020** |
| **Defendants.** | : |

-------------------------------------------------------------------- X

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**TO APPROVE FLSA SETTLEMENT**

I.   **INTRODUCTION**

Plaintiff, Luis Albarracin and Defendants Deli Unlimited, Inc., Marjorie Oranzo,

and Alex Oranzo, in the above captioned matter jointly move for an order granting

approval of the Parties' settlement agreement and release of claims under the Fair

Labor Standards Act and Connecticut Minimum Wage Act ("Settlement Agreement").

The Settlement Agreement is attached herewith as Exhibit A.  Under the terms of the

settlement, payments are to be made in installments over the course of a thirteen month

period. The terms of the Settlement Agreement for Plaintiff's claims were agreed to after

sufficient formal and informal discovery, a Settlement Conference before the Honorable

Robert M. Spector on October 17, 2019, and follow up discussions between the parties

as well as subsequent teleconferences with the Court.  Therefore, the parties hereby

request an Order approving the Settlement Agreement between the parties as the

settlement is fair, reasonable, adequate, and in the best interests of the parties.  The

parties further request that, as part of an anticipated Order of Dismissal, this Court incorporate the terms of the settlement agreement in its order and expressly retain jurisdiction over the settlement agreement.   *See Cheeks v. Freeport Pancake House, Inc.* 796 F.3d 199 (2d Cir. 2017).

II.   **DESCRIPTION OF THE LAWSUIT AND PROCEDURAL BACKGROUND**

Plaintiff filed this action against Defendants alleging claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA").  Defendants have defended on the grounds that Plaintiff was an employee who was exempt from the overtime provisions of the FLSA and CMWA and that Plaintiff was properly compensated for all hours worked.

III.   **SUMMARY OF JOINT SETTLEMENT AGREEMENT**

The terms of the Settlement Agreement for Plaintiff's claims were agreed to after a Settlement Conference before the Honorable Robert M. Spector on October 17, 2019, and extensive follow-up discussions between the parties and with the Court.  The terms were negotiated by sophisticated and experienced counsel who fully recognized the risks of litigation and the benefits of settling this case.  The parties' counsel represent that they have conducted a thorough investigation into the facts of this case, including, but not limited to, the following: (i) reviewing relevant documents including, but not limited to, Plaintiff's time and payroll records; (ii) conducting formal and informal discovery, and (iii) conducting a thorough liability and damages analysis.

In connection with his claims, Plaintiff alleges he was owed approximately $26,846.91 in unpaid overtime compensation (not including FLSA liquidated damages, CMWA penalty damages, and interest).  Defendants deny that Plaintiff is entitled to any

damages and assert that Defendants appropriately and fully compensated Plaintiff for all hours worked.

Based on their own independent investigation and evaluation, the parties are of the opinion that the Settlement Agreement is fair, reasonable and adequate, and in the best interest of the parties in light of all known facts and circumstances.  The Plaintiff, Defendants and their representatives were directly involved in negotiating the terms of the Settlement Agreement and fully endorse the approval of this agreement by this Court as fair, reasonable and adequate.

The Settlement Agreement contemplates a total settlement amount of Plaintiff's claims for Forty Thousand Dollars and No Cents ($40,000) to be paid as follows: (a) Twenty Thousand Dollars ($20,000.00) to Plaintiff; and (b) Twenty Thousand Dollars ($20,000.00) payable to Plaintiff's counsel in payment of attorneys' fees and reimbursement of costs.  Payments are scheduled to be made in installments, with the initial payment to be made within "(7) days after the last of the following have occurred: (1) the Deli's receipt of an original of this Agreement signed by Mr. Albarracin; (2) approval by the Court of this Agreement; (3) receipt of IRS Form W9s from Mr. Albarracin, Madsen, Prestley, and Parenteau, LLC, and Pechman Law Group, PLLC; (4) expiration of the revocation period set forth below without Mr. Albarracin revoking this Agreement; and (5) the Dismissal with Prejudice of the Action as set forth below in Paragraph 7." *See* Settlement Agreement, Par. 2 (Ex. A).  Accordingly, the Parties specifically request that this Court retain jurisdiction over the settlement of this matter.

IV.  **LAW/ARGUMENT**

The parties request that the Court approve the settlement of the FLSA claims,

3

which is necessary for there to be a valid and enforceable release. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

"An FLSA settlement is examined with less scrutiny than a class action settlement; the court simply asks whether the settlement reflects a fair and reasonable compromise of disputed issues that was reached a result of contested litigation." *Mills v. Capital One*, 14 Civ. 1937, 2015 U.S. Dist. LEXIS 133530, at *11, (S.D.N.Y. Sept. 30, 2015) (Pitman, M.J.). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Id.* The adversarial nature of an FLSA action is typically a sufficient indication of a settlement's fairness. *Id.* "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (internal quotation marks omitted). *See also Bozak v. FedEx Ground Package Sys.*, 2014 U.S. Dist. LEXIS 106042, at *8 (D. Conn. July 31, 2014) (approving FLSA settlement reached after negotiations concerning "the uncertain legal and factual issues involved.").

Applying this law to the present case, to ensure the settlement agreement and respective release between the parties in connection with Plaintiff's overtime claim under the FLSA will be binding on the parties, this Court should approve the settlement. The parties believe the settlement is fair, reasonable and adequate. There are significant factual disagreements in regards to the number of hours that Plaintiff worked. Plaintiff alleges that he is owed  $26,846.91 in unpaid wages plus additional amounts for liquidated and penalty damages. Defendants assert that Plaintiff exercised supervisory and administrative authority within the Deli operations and that no additional monies are owed to Plaintiff. These factual disputes were taken into account by the

parties in their negotiations.  Ultimately, Defendants made what they described as their final best offer and Plaintiff decided to accept the offer.

Under the terms of the Settlement, Plaintiff is receiving more than 75% of his base overtime claim. Furthermore, after reimbursement for $712.16  in out of pocket expenses, Plaintiffs' counsel is adequately compensated for their time based on reasonable fees of $19,287, an amount which is substantially less than the lodestar fees generated in this case of approximately $29,030.  The attorneys' fees to be paid under the settlement agreement are reasonable based on the significant downward deviation from the lodestar fees and also because the settlement in this case represents the a significant value of the Plaintiff's alleged damages. Courts in this circuit have routinely found settlements recovering the full value or nearly the full value of alleged FLSA damages as within the range of reasonableness.  *See, e.g., Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 180 (S.D.N.Y. 2014) (finding that a settlement was within the range of reasonableness because "even after attorney's fees, service awards, and administrative costs, plaintiffs would receive nearly all of their actual damages"); *Ceka v. PBM/CMSI Inc*., No. 12-CV-1711 (DAB), 2014 U.S. Dist. LEXIS 168169, 2014 WL 6812127, at *1 (S.D.N.Y. Dec. 2, 2014)(approving a settlement that "represents approximately 100% of the allegedly owed compensatory damages")

The parties do not agree that Defendants' actions violated the FLSA.  In such cases, where establishing liability is "no sure thing" for plaintiffs, the risks of proceeding with litigation weigh heavily in favor of settlement.  *See, e.g., Wal-Mart Stores, Inc. v. Visa US.A., Inc.,* 396 F.3d 96, 118-19 (2d Cir.2005).  Lastly, inasmuch as the Defendant Deli is a small business and there is some concern about whether Defendants would be

able to pay a judgment in this matter, the parties believe that a compromise on the amount claimed militates in favor of approving settlement. *See, e.g., Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) ("Given that plaintiffs face substantial barriers to collecting any judgment and that the proposed settlement is the result of arm's length bargaining between counsel during contested litigation, the Court finds it to be fair and reasonable.").

V. **CONCLUSION**

As the parties believe the settlement is fair, reasonable and adequate, largely compensates the Plaintiff for his alleged damages, and is in the best interest of the parties in light of all known facts and circumstances, the parties are seeking an Order from this Court to approve the settlement and respective release between the Parties. The settlement as negotiated is fair and reasonable under the circumstances. Accordingly, the parties respectfully request that the Court grant approval of the settlement set forth in the Settlement Agreement, incorporate the terms of the settlement in its Order of Dismissal, and retain jurisdiction over the settlement agreement. *Hendrickson v. United States,* 791 F.3d 354, 358 (2d Cir.2015).


PLAINTIFF, LUIS FERNANDO ALBARRACIN

By: ___//s// William G. Madsen_____
William G. Madsen (ct09853)
Madsen Presley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel:  860-246-2466  Fax:  860-246-1794
wmadsen@mppjustice.com

Catalina Cadavid (ct 30698)
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
cadavid@pechmanlaw.com

DEFENDANTS, DELI UNLIMITED, INC., MARJORIE ORANZO
AND ALEX ORANZO

By:   *//s// Sara R. Simeonidis*
        Sara R. Simeonidis (ct25566)
        Jackson Lewis
        90 State House Square
        Hartford, CT 06103
        Tel. No. 860-522-0404
        Fax No. 860-247-1330
        Sara.Simeonidis@jacksonlewis.com
        Attorney for Defendants

## CERTIFICATION OF SERVICE

        I hereby certify that on this date a copy of foregoing, was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                              */s/ William G. Madsen*
                              William G. Madsen

# EXHIBIT A

## CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
### ("Agreement")

Deli Unlimited, Inc., Marjorie Oranzo, and Alex Oranzo (hereinafter collectively referred to as the "Deli") and Luis Fernando Albarracin ("Mr. Albarracin"), agree that:

1.     **Pending Action.** There is a Complaint filed by Mr. Albarracin against Deli Unlimited, Inc., Marjorie Oranzo, and Alex Oranzo pending in the United States District Court, District of Connecticut, captioned <u>Albarracin v. Deli Unlimited, Inc., et al</u>, Case No. 3:19cv00556(JAM), in which Mr. Albarracin asserts claims related to his employment and compensation (hereinafter referenced as "the Action").

The Deli and Mr. Albarracin wish to resolve any and all disputes which may exist between them up to and including the date this Agreement is executed by Mr. Albarracin. The parties agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by the Deli of guilt, or of noncompliance with, or violation of, any federal, state, or local statute or law, public policy, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever.

2.     **Consideration.** In consideration for Mr. Albarracin signing this Agreement and complying with its terms, the Deli agrees to pay Mr. Albarracin the gross settlement sum of Forty Thousand Dollars and Zero Cents ($40,000.00) (the "Settlement Payment"), as follows:

(a) to Mr. Albarracin the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00), less lawful deductions, as settlement of Mr. Albarracin's alleged claims for unpaid overtime wages. The Deli shall issue an IRS Form W2 to Mr. Albarracin in connection with this payment;

(b) to Mr. Albarracin the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00), from which no deductions or withholdings will be made by the Deli, as settlement of Mr. Albarracin's alleged claims for statutory penalties. The Deli shall issue an IRS Form 1099 to Mr. Albarracin in connection with this payment;

(c) to Madsen, Prestley and Parenteau, LLC the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00), from which no deductions or withholdings will be made by the Deli, as settlement for Mr. Albarracin's alleged claims for attorneys' fees. The Deli shall issue separate IRS Forms 1099 to Mr. Albarracin and Madsen, Prestley and Parenteau, LLC in connection with this payment; and

(d) to Pechman Law Group, PLLC the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00), from which no deductions or withholdings will be

1 of 13

Accepted By _____ Luis Fernando Albarracin (initials)

made by the Deli, as settlement of Mr. Albarracin's alleged claims for attorneys' fees. The Deli shall issue separate IRS Forms 1099 to Mr. Albarracin and Pechman Law Group, PLLC in connection with this payment.

The Settlement Payment will be made according to the following schedule commencing within seven (7) days after the last of the following have occurred: (1) the Deli's receipt of an original of this Agreement signed by Mr. Albarracin; (2) approval by the Court of this Agreement; (3) receipt of IRS Form W9s from Mr. Albarracin, Madsen, Prestley, and Parenteau, LLC, and Pechman Law Group, PLLC; (4) expiration of the revocation period set forth below without Mr. Albarracin revoking this Agreement; and (5) the Dismissal with Prejudice of the Action as set forth below in Paragraph 7:

| Payment # | Gross Payment / Due Date | Mr. Albarracin (W2) | Mr. Albarracin (1099) | Madsen, Prestley, and Parenteau, LLC | Pechman Law Group, PLLC |
|---|---|---|---|---|---|
| 1 | $10,000 <br><br> Seven (7) days after all conditions are met. | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| 2 - 13 | $2,500.00 <br><br> Thirty (30) days after previous payment. | $625.00 | $625.00 | $625.00 | $625.00 |

Mr. Albarracin acknowledges and agrees that he is solely responsible for complying with any and all income tax liabilities and obligations under federal, state and/or local tax laws, which are or may become due or payable in connection with the Settlement Payment, with the exception of the employer's share of payroll taxes, which shall be the sole responsibility of the Deli. Mr. Albarracin agrees that he shall indemnify and hold Releasees (as defined below in Paragraph 4) harmless for any taxes, penalties and interest imposed, or costs and expenses, including attorneys' fees, in connection with a determination by a governmental authority that Releasees failed to properly withhold applicable income taxes and/or withhold the employee portion of FICA or other employment taxes with respect to any portion of the Settlement Payment made under this Agreement.

2 of 13

Accepted By _____ Luis Fernando Albarracin (initials)

All checks shall be mailed to William Madsen, Madsen, Prestley, and Parenteau, LLC at 402 Asylum St, Hartford, CT 06103.

3.     **Failure to Pay.** If the Deli fails to make timely any of the installment payments set forth above, or if any payment check fails to clear (i.e., bounces) for any reason (hereinafter a "Default" or "Defaulted Payment"), Mr. Albarracin's attorneys shall provide a notice to cure to the Deli's counsel by e-mail to Sara Simeonidis (Sara.Simeonidis@jacksonlewis.com). The Deli shall cure the Default within fifteen (15) calendar days from the date immediately after which the notice was sent (the "Cure Period"). The Deli agrees that if they fail to cure a Default within the Cure Period there shall be a penalty of Two Hundred Seventy-Five Dollars and Zero Cents ($275.00) and the Deli shall be responsible for Mr. Albarracin's reasonable attorneys' fees incurred in collecting on the Defaulted Payment.

4.     **No Consideration Absent Execution of this Agreement.** Mr. Albarracin understands and agrees that he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Confidential Agreement and the fulfillment of the promises contained herein.

5.     **General Release, Claims Not Released and Related Provisions.**

a.     **Albarracin's General Release of All Claims.** Mr. Albarracin, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Releasors"), knowingly and voluntarily release and forever discharge Deli Unlimited, Inc., parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, attorneys, successors and assigns, and their current and former employees, officers, directors and agents, including but not limited to Marjorie Oranzo and Alex Oranzo, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Releasors have or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act;
- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Age Discrimination in Employment Act of 1967;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;

3 of 13

Accepted By _____ Luis Fernando Albarracin (initials)

- The Connecticut Fair Employment Practices Act – Conn. Gen. Stat. § 46a-51 et seq.;
- The Connecticut Wage Laws – Conn. Gen. Stat. § 31-58 et seq.;
- The Connecticut Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Conn. Gen. Stat. § 31-290a;
- The Connecticut Equal Pay Law – Conn. Gen. Stat. § 31-58(e) et seq., §§ 31-75 and 31-76;
- The Connecticut Family and Medical Leave Law – Conn. Gen. Stat. § 31-51kk et seq.;
- The Connecticut Drug Testing Law – Conn. Gen. Stat. § 31-51t et seq.;
- The Connecticut Whistleblower Law – Conn. Gen. Stat. § 31-51m(a) et seq.;
- The Connecticut Free Speech Law – Conn. Gen. Stat. § 31-51q et seq.;
- The Connecticut Age Discrimination and Employee Benefits Law – Conn. Gen. Stat. § 38a-543;
- The Connecticut Reproductive Hazards Law – Conn. Gen. Stat. § 31-40g et seq.;
- The Connecticut AIDS Testing and Confidentiality Law - Conn. Gen. Stat. § 19a-581 et seq.;
- The Connecticut Electronic Monitoring of Employees Law – Conn. Gen. Stat. § 31-48b and;
- The Connecticut OSHA, as amended;
- The Connecticut Law Concerning Consumer Privacy and Identity Theft, Conn. Gen. Stat. § 42-470 *et seq.*;
- The Connecticut Law Preventing the Use of Credit Scores by Certain Employers in Hiring Decision - Conn. Gen. Stat. § 31-51tt;
- The Connecticut Law regarding Palliative Use of Marijuana, Conn. Gen. Stat. § 21a-408 et seq.;
- The Connecticut Paid Sick Leave law - Conn. Gen. Stat. § 31-57r et seq.;
- The Connecticut Pay Equity and Fairness law (originally P.A. 15-196);
- The Connecticut Law Concerning Employment Protection for Witnesses and Victims of Crime, Conn. Gen. Stat. § 54-85b;
- Any other federal, state or local law, rule, regulation, or ordinance;
- Any public policy, contract, tort, or common law claim; or
- Any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

        b.    **Deli's Release of Claims**.  The Deli knowingly and voluntarily releases and forever discharges Mr. Albarracin of and from any and all claims, known and unknown, asserted or unasserted, which the Deli has or may have against Mr. Albarracin as of the date of execution of this Agreement *except* for any claims that Marjorie Oranzo has or may have against Mr. Albarracin in connection with an account at Southern CT Gas that was held in Marjorie Oranzo's name for the benefit of Mr. Albarracin and/or his family which are expressly reserved by Ms. Oranzo and not released by this Agreement.

        c.    **Mr. Albarracin's Claims Not Released.**  Releasors are not waiving any rights they may have to: (1) benefits and/or the right to seek benefits under applicable workers'

Accepted By _____ Luis Fernando Albarracin (initials)

compensation and/or unemployment compensation statutes; (2) pursue claims that by law cannot be waived by signing this Agreement; (3) enforce this Agreement; and/or (4) challenge the validity of this Agreement.

      d.    **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents Mr. Albarracin from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws.  However, to the maximum extent permitted by law, Mr. Albarracin agrees that if such an administrative claim is made to such an anti-discrimination agency, he shall not be entitled to recover any individual monetary relief or other individual remedies.  In addition, nothing in this Agreement, including but not limited to the release of claims nor the confidentiality and non-disparagement clauses, prohibits Mr. Albarracin from: (1) reporting possible violations of federal law or regulations, including any possible securities laws violations, to any governmental agency or entity, including but not limited to the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the U.S. Congress, or any agency Inspector General; (2) making any other disclosures that are protected under the whistleblower provisions of federal law or regulations; or (3) otherwise fully participating in any federal whistleblower programs, including but not limited to any such programs managed by the U.S. Securities and Exchange Commission and/or the Occupational Safety and Health Administration.  Moreover, nothing in this Agreement prohibits or prevents Mr. Albarracin from receiving individual monetary awards or other individual relief by virtue of participating in such federal whistleblower programs.

      e.    **Collective/Class Action Waiver.**  If any claim is not subject to release, to the extent permitted by law, Mr. Albarracin waives any right or ability to be a class or collective action representative or otherwise to participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Deli or any other Releasee identified in this Agreement is a party.

      6.    **Medicare/Medicaid Affirmations and Indemnification.**  Mr. Albarracin represents that he is not enrolled in the Medicare program, was not enrolled in the Medicare program at the time of any matter released in Paragraph 4 or anytime thereafter through the date of this Agreement, and has not received Medicare benefits for medical services or items related to, arising from, or in connection with any matter released in Paragraph 4.  Mr. Albarracin further represents and warrants that no Medicaid payments have been made to or on behalf of him and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any matter released in Paragraph 4.  Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the Settlement Payment, Mr. Albarracin agrees that he, and not the Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  Mr. Albarracin further agrees to indemnify, defend and hold Releasees harmless from any action by CMS relating to his medical expenses and to waive any and all future actions against Releasees for any private cause of action

Accepted By _____ Luis Fernando Albarracin (initials)

for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

7.   **Dismissal with Prejudice.**   Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice, which is annexed as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order of Dismissal with Prejudice.

8.   **Acknowledgments and Affirmations.**

Mr. Albarracin affirms that he has not filed or caused to be filed, nor is he presently a party to any claim against Releasees except for the Action.

Mr. Albarracin affirms that, except as alleged in the Action, which the Deli disputes, he has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits that are due and payable as of the date he signs this Agreement. Mr. Albarracin affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Mr. Albarracin affirms that he has no known workplace injuries or occupational diseases.

Mr. Albarracin shall not apply in the future for employment with the Deli because of, among other things, irreconcilable differences with Mr. Albarracin. Mr. Albarracin agrees that any application for employment submitted by Mr. Albarracin may be denied based on this Agreement without liability of any kind. Mr. Albarracin agrees that if his application for employment is denied, such denial is based on the contractual terms of this Agreement and is not a result of retaliation or other improper motive.

Mr. Albarracin affirms that he has not been retaliated against for reporting any allegations of wrongdoing by the Deli or its officers, including any allegations of corporate fraud.

9.   **Limited Disclosure and Return of Property.**   Mr. Albarracin agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement, except to his spouse, tax advisor, an attorney with whom he chooses to consult regarding her consideration of this Agreement and/or to any federal, state, or local government agency.

Mr. Albarracin affirms that he has returned all of the Deli's property and documents, including but not limited to, any confidential information in her possession or control. Mr. Albarracin also affirms that he is in possession of all of his property that he had at the Deli's premises and that the Deli is not in possession of any of his property.

10.   **Non-Disparagement.**   Mr. Albarracin agrees that he will not in any way

Accepted By _____ Luis Fernando Albarracin (initials)

maliciously disparage or defame the good name of the Deli including but not limited to, its officers, directors, employees and agents, including but not limited to Marjorie Oranzo and Alex Oranzo, in any forum, including the media and on social media. Marjorie Oranzo and Alex Oranzo agree that they will not in any way maliciously disparage or defame the good name of Mr. Albarracin in any forum, including the media and on social media.

       11.    **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Connecticut without regard to its conflict of laws provision. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

       12.    **Nonadmission of Wrongdoing.** The Deli and Mr. Albarracin agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Deli of wrongdoing or evidence of any liability or unlawful conduct of any kind.

       13.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

       14.    **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between them. Mr. Albarracin acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**MR. ALBARRACIN IS ADVISED THAT HE HAS TWENTY-ONE DAYS TO CONSIDER THIS AGREEMENT. MR. ALBARRACIN AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL CONSIDERATION PERIOD SET FORTH ABOVE.**

**MR. ALBARRACIN MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO SARA SIMEONIDIS, ESQ., AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO SARA SIMEONIDIS OR MAILED TO HER AT JACKSON LEWIS P.C., 90 STATE HOUSE SQUARE, 8TH FLOOR, HARTFORD, CONNECTICUT 06103 AND**

Accepted By \_\_\_\_\_ Luis Fernando Albarracin (initials)

**POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER MR. TEJADA SIGNS THIS AGREEMENT.**

**MR. ALBARRACIN IS ADVISED TO CONSULT WITH AN ATTORNEY, AND HAS CONSULTED WITH AN ATTORNEY, AT HIS OWN EXPENSE, PRIOR TO EXECUTING THIS AGREEMENT.**

**MR. ALBARRACIN FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST ANY RELEASEE.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

DELI UNLIMITED, INC.

By: _____

By:_____

Name: _____

LUIS FERNANDO ALBARRACIN

Date: _____

Date:_____

By: _____

MARJORIE ORANZO

Date:_____

By: _____

ALEX ORANZO

Date:_____

8 of 13

Accepted By _____ Luis Fernando Albarracin (initials)

# EXHIBIT A

Accepted By _____ Luis Fernando Albarracin (initials)

10 of 13

Accepted By _____ Luis Fernando Albarracin (initials)

11 of 13

Accepted By _____ Luis Fernando Albarracin (initials)

UNITED STATES DISTRICT COURT
DISTRICT COURT OF CONNECTICUT

------------------------------------------------------------------ X

LUIS FERNANDO ALBARRACIN,                      :
                                               :
                    Plaintiff,                 :
                                               :
        -against-                              :
                                               :        19 Civ. 556 (RMS)
DELI UNLIMITED, INC, MARJORIE ORANZO,          :
AND ALEX ORANZO,                               :
                                               :
                    Defendants.                :

------------------------------------------------------------------ :
                                               :
                                               X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on April 12, 2019, Plaintiff filed a Complaint, which asserts claims for, *inter alia*,

failure to pay overtime wages and liquidated statutory damages under the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.* ("FLSA") and/or the Connecticut Minimum Wage Act, Conn. Gen Stat. §31-58 *et*

*seq.* ("CMWA");

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-

length negotiations at a settlement conference before this Court held on October 17, 2019, and have

entered into a Confidential Agreement and General Release (the "Agreement"), formally memorializing

the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been

reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution

of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the CMWA, and/or time

worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

Accepted By _____ Luis Fernando Albarracin (initials)

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.   A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated:   New York, New York
           January ____, 2020

| | |
|---|---|
| **Madsen, Prestley, and Parenteau, LLC** | **JACKSON LEWIS P.C.** |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

By:_____         By:_____
     William Madsen, Esq.                Sara Simeonidis, Esq.
     402 Asylum Street                  90 State House Square
     Hartford, Connecticut 06103      8th Floor
     Tel.: (860) 246-2466               Hartford, Connecticut 06103
                                                   Tel.: (860) 331-1532

SO ORDERED.

_____
Robert M. Spector, U.S.M.J.

4831-3531-2558, v. 2

Accepted By _____ Luis Fernando Albarracin (initials)